**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-0962 C
(Filed August 2, 2017)

FILED
AUG - 2 2017
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ADIL KHALIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Subject matter jurisdiction; RCFC |
| v. ) | 12(h)(3); Federal Tort Claims Act; 42 |
| ) | U.S.C. § 1983 |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

OPINION

On July 13, 2017, plaintiff filed a complaint with this court. See ECF No. 1. In his complaint, plaintiff alleges violations of 42 U.S.C. § 1983 (Civil action for deprivation of rights). See id. at 4-5. In addition, he alleges the violation of four criminal statutes: 18 U.S.C. § 242 (Deprivation of rights under color of law), 18 U.S.C. § 241 (Conspiracy against rights), 18 U.S.C. § 245 (Federally protected activities), and 18 U.S.C. § 249 (Hate crime acts). See id. at 5-9. The basis for these alleged violations is a pattern of harassment that plaintiff claims he has suffered at the hands of several federal employees. See id. at 6-7. Along with the statutory violations, plaintiff also alleges that the government was negligent in its failure to protect him. See id. at 9.[1]

II. Legal Standards

This court is one of limited jurisdiction. Specifically, the Tucker Act grants the court the authority to consider, "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). If,

---

[1] The court notes that plaintiff lists several additional statutes under the "Jurisdiction" heading on the first page of the complaint. See ECF No. 1 at 1 (42 U.S.C. § 3617, 18 U.S.C. § 113C, and 18 U.S.C. § 2340). The statutes on this list, however, are not connected to any allegations in what plaintiff calls his "statement of claim," see id. at 4-9. As such, the court will only specifically address the alleged violations discussed, or at least mentioned, in the substantive allegations of his pleading.

at any point, the court finds that it lacks jurisdiction over a particular case, that case must be dismissed. See Rule 12(h)(3), Rules of the United States Court of Federal Claims (RCFC). The court may properly conduct this analysis on its own. See Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject matter jurisdiction may be challenged at any time by the parties or by the court sua sponte.").

III. Analysis

    A. Jurisdiction

Pursuant to clear, well-established precedent, the court does not have jurisdiction to consider any of plaintiff's six claims. Plaintiff alleges that defendant violated four criminal statutes: 18 U.S.C. § 242 (Deprivation of rights under color of law), 18 U.S.C. § 241 (Conspiracy against rights), 18 U.S.C. § 245 (Federally protected activities), and 18 U.S.C. § 249 (Hate crime acts). See id. at 4-9. This court, however, "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994).

The court also lacks jurisdiction over plaintiff's civil claims. Plaintiff alleges that defendant negligently failed to protect him from harassment. See ECF No. 1 at 9. Although plaintiff does not specifically state the legal authority for this claim as part of the substantive allegations, the court assumes that he means to allege negligence pursuant to the Federal Tort Claims Act, which he lists on the first page of the complaint. See id. at 1 (stating, as a basis for this court's jurisdiction, "The Federal Tort Claims Act (June 25, 1946, ch. 646, Title IV, 60 Stat. 812, "28 U.S.C. Pt. VI Ch. 171" and 28 U.S.C. § 1346(b))").

As the Federal Circuit has explained, the Federal Tort Claims Act expressly states that "United States District Courts have 'exclusive jurisdiction' to determine the liability of the United States under the Federal Tort Claims Act." Robleto v. United States, 634 F. App'x 306, 308 (Fed. Cir. 2015) (citing 28 U.S.C. §§ 1346(b)(1), 2674). The United States Court of Federal Claims is not a district court. Moreover, "the Tucker Act itself confirms the exclusion [of such actions] by its provision limiting the Court of Federal Claims' jurisdiction to 'cases not sounding in tort.'" Id. (citing U.S. Marine, Inc. v. United States, 722 F.3d 1360, 1363, 1366 (Fed.Cir.2013)). Thus, the court cannot consider plaintiff's negligence claim.

Finally, plaintiff alleges that defendant violated a number of his constitutional rights, and should be held liable pursuant to 42 U.S.C. § 1983. See ECF No. 1 at 4. After reciting the standard for liability under section 1983, plaintiff quotes the first, fourth, fifth, eighth, ninth, and fourteenth amendments to the United States Constitution. See id. at 4-5. In this section of the complaint, he also claims that internet access is a "human right." Id. at 4. "It is well established, however, that § 1983 does not confer

2

jurisdiction on the Court of Federal Claims over claims against the United States." Johnson v. United States, 135 F.3d 778 (Fed. Cir. 1998) (citing Blassingame v. United States, 33 Fed. Cl. 504, 505 ("Section 1983 is not a jurisdiction-granting statute."), aff'd, 73 F.3d 379 (Fed.Cir.1995), cert. denied, 116 S.Ct. 1885 (1996)). See also Doe v. United States, 74 Fed. Cl. 794, 798 (2006) (noting that section 1983 vests exclusive jurisdiction in United States District Courts).

    B.    Pending Motions

Along with his complaint, plaintiff filed two motion: (1) a motion to proceed in forma pauperis, ECF No. 3, and (2) a motion requesting the transfer of a district court case to this court, ECF No. 4.

In order to be eligible for in forma pauperis status, which allows the case to proceed without prepayment of fees, plaintiff must submit an affidavit demonstrating that "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, the financial information included on plaintiff's affidavit indicates that he does not meet this statutory standard. Plaintiff attests to the facts that he earns approximately $58,000 per year, and has $1500 in savings. See ECF No. 3 at 2. As such, the court finds that in forma pauperis status is not warranted in this case.

Plaintiff also seeks to transfer to this court a case pending before another court, and to consolidate it with the present matter. See ECF No. 4 at 1. Because the court has determined that it lacks jurisdiction over the present complaint and that the complaint must be dismissed, the request to consolidate the two cases is moot.

    C.    Transfer

Because the court has concluded that it lacks jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interests of justice:

> [w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

28 U.S.C. § 1631 (2012). "Transfer is appropriate when three elements are met: (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631)."

The court has already addressed the first two issues—this court lacks jurisdiction because the United States District Courts have exclusive jurisdiction over plaintiff's

3

claims. The court finds, however, that transferring this case to an appropriate district court is not necessary to serve the interests of justice. In his motion to transfer, plaintiff argues that this case is directly related to a case that is already pending before the United States District Court for the Eastern District of New York. See Khalil v. United States Air Force, Case No. 2:17-cv-2652. In fact, a comparison of the complaints filed in each case reveals that the two are virtually identical. With the exception of adding a few paragraphs and claiming entitlement to twice as much money, plaintiff simply filed the complaint from the Eastern District of New York in this court. As such, plaintiff has already availed himself of the opportunity to have these claims heard by a district court, and transferring this case serves no purpose.

IV.     Conclusion

For the foregoing reasons, the court does not have the authority to exercise subject matter jurisdiction over any claims in plaintiff's complaint. As such, the Clerk of the Court is directed to enter final judgment **DISMISSING** the complaint, without prejudice. Both plaintiff's motion to proceed in forma pauperis, ECF No. 3, and his motion to transfer, ECF No. 4, are **DENIED**.

IT IS SO ORDERED.

PATRICIA CAMPBELL-SMITH
Judge